DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv177
(3:92-cr-301-FDW-1)

| | |
|---|---|
| SYLVESTER L. MCGOWAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

This matter is before the Court on Petitioner's pro se "Petition for Writ of Audita Querela Pursuant to 28 U.S.C. § 1651," (Doc. No. 1).

## I. BACKGROUND

Petitioner pled guilty in this Court on April 19, 1993, to charges of conspiracy to possess with intent to distribute and distribution of a quantity of cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count One); using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Counts Two through Eight); laundering money to promote unlawful activity and aiding and abetting the same, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i), and 18 U.S.C. § 2 (Counts Ten and Twelve); and laundering money through the use of real property and abetting the same, in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2 (Counts Eleven and Thirteen). This Court subsequently sentenced Petitioner to 224 months of imprisonment on the drug and money/property laundering convictions, along with a consecutive five-year term on the firearm conviction. The Court entered judgment on August 3, 1993, and Petitioner did not appeal.

1

On June 8, 1995, Petitioner filed a "Post Conviction Writ of Habeas Corpus [Under] 28 U.S.C. § 2255," alleging that his conviction violated the Double Jeopardy Clause of the U.S. Constitution because he was prosecuted for the same conduct that resulted in the forfeiture of his property. By order filed June 26, 1995, this Court denied Petitioner's motion primarily because his convictions and the forfeiture did not constitute double jeopardy. See McGowan v. United States, 899 F. Supp. 1465 (W.D.N.C. 1995). Petitioner thereafter filed a motion in the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244, seeking authorization to file a successive Section 2255 petition, but the Fourth Circuit denied the motion by order filed May 21, 2001. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 20, 2001, which petition this Court denied and dismissed by order dated August 15, 2001. See (Civil No. 3:01-cv-432 (W.D.N.C)).

Petitioner filed the pending petition for writ of audita querela on February 26, 2014. Petitioner seeks relief under Bailey v. United States, 516 U.S. 137 (1995), contending that "his sentence under 924(a)(1) is now an illegal sentence because the element of 'use' was never affirmatively proven by the government." (Doc. No. 1 at 2).

**II.    DISCUSSION**

The Court will deny the petition for writ of audita querala. Here, Petitioner has already filed a Section 2255 and a Section 2241 petition in this Court, and both petitions have been denied and dismissed. Petitioner may not circumvent the applicable statute of limitations bar or the rules governing successive petitions by labeling this action as a petition for audita querela. Moreover, audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Here, Section 2255 was in fact available, "leaving no gap to plug." United States v. Bennett, Nos.

2

3:10cr84, 3:12cv524, 2013 WL 170333, at *12 (W.D.N.C. Jan. 16, 2013).

III. CONCLUSION

In sum, for the reasons stated herein, the Court will deny the petition for writ of audita querela.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Petition for Writ of Audita Querela, (Doc. No. 1), is **DENIED**.

2. The Clerk is instructed to terminate the petition, docketed as No. 3 in Petitioner's underlying criminal action, as no longer pending.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: April 23, 2015

Frank D. Whitney
Chief United States District Judge